J-S40040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS EARL BECKER | |
| Appellant | No. 64 MDA 2014 |

Appeal from the Judgment of Sentence August 2, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002306-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 07, 2014**

Appellant, Thomas Earl Becker, appeals from the judgment of sentence of 32 years and nine months to 60 years' imprisonment for rape of a child[1] and related charges entered August 2, 2013, by the Honorable Dennis E. Reinaker, Court of Common Pleas of Lancaster County.  On appeal, Becker raises a challenge to the discretionary aspects of his sentence.  We affirm.

On May 15, 2013, following a jury trial, Becker was convicted of one count of Rape of a Child, two counts of Aggravated Indecent Assault of a Child,[2] three counts of Indecent Assault,[3] and three counts of Corruption of Minors.[4]  The convictions stemmed from Becker's continued sexual abuse of

_____

[1] 18 Pa.C.S. § 3121(c).
[2] 18 Pa.C.S. § 3125(b).
[3] 18 Pa.C.S. § 3126(a)(7).
[4] 18 Pa.C.S. § 6301(a)(1).

his two step-granddaughters and his granddaughter at his home in Lancaster County. Following a hearing on August 2, 2013, Becker was classified as a sexually violent predator ("SVP") under the Registration of Sexual Offenders Act (commonly known as "Megan's Law"), 42 PA.CONS.STAT.ANN. §§ 9791-9799.7, and sentenced to an aggregate term of 32 years and 9 months to 66 years' incarceration. On August 12, 2013, Becker filed a post-trial motion to modify sentence, which the trial court denied. This timely appeal followed.[5]

On appeal, Becker raises the following issue for our review:

> Was an aggregate sentence of thirty-two years and nine months to sixty-six years['] incarceration clearly unreasonable under the circumstances of this case, imposed for the improper reason of punishment for choosing trial, in violation of Mr. Becker's constitutional rights, and did it improperly constitute a virtual life sentence?

Appellant's Brief at 8.

Our standard when reviewing sentencing matters is as follows:

> Sentencing is a matter vested in the sound discretion of the Sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[5] Becker's initial direct appeal to this Court was quashed as untimely; however, on December 27, 2013, the lower court reinstated Becker's direct appeal rights *nunc pro tunc*.

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc) (citation omitted).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.[6] *See*

_____

[6] Rule 2119 provides the following, in pertinent part:

…

**(f) Discretionary aspects of sentence**. An appellant who challenges the discretionary aspects of a sentence in a criminal matter

*(Footnote Continued Next Page)*

*id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, Becker's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Becker argues in his Rule 2119(f) statement "the trial court's cumulative sentence … was clearly unreasonable, and so manifestly excessive as to constitute an abuse of discretion, and that it was a virtual life sentence." Appellant's Brief at 14. Becker additionally argues that the trial court imposed a severe sentence in order to punish him for choosing to go to trial rather than pleading guilty. *See id*. at 15. These claims raise substantial questions for our review. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question for our review); *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)

---

*(Footnote Continued)* ────────────────

shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P., Rule 2119(f), 42 Pa.Cons.Stat.Ann.

(allegation that trial court relied upon defendant's decision to go to trial rather than accept a plea bargain constitutes a substantial question).

Preliminarily, we note that Becker did not object at sentencing or in his post-sentence motion to the trial court's alleged reliance upon his decision to stand trial rather than negotiate a plea deal. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Moury*, 992 A.2d at 170 (citation omitted). Accordingly, we are constrained to find Becker's challenge to the discretionary aspects of his sentence on that basis waived.

We proceed to address Becker's claim that the cumulative sentence imposed by the trial court constituted too severe a punishment. Specifically, Becker posits that the sentence of 32 years and 9 months to 66 years' incarceration is a virtual life sentence,[7] "despite the fact that Mr. Becker had no prior criminal record, and had a significant work history." Appellant's Brief at 19.

Regarding Becker's challenge to the cumulative nature of his sentence, we note that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh,

_____

[7] Becker was 54 years old when sentenced.

- 5 -

considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*) (citation omitted). Here, Becker does not dispute that the individual sentences imposed are within the guideline range, notwithstanding the trial court's imposition of consecutive sentences. Given the trial court's consideration of the serious nature of the crimes committed in this case, which included rape of a child and aggravated indecent assault, Becker's designation as a sexually violent predator, and of the pre-sentence investigation report[8] prepared in this matter, we do not believe Becker's sentence appears, on its face, manifestly excessive. Further, the record is devoid of any evidence that the trial court imposed a more severe sentence due to Becker's decision to go to trial. Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[8] "Where the sentencing court had the benefit of a presentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super. 2013) (internal quotes and citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2014