J-S87001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES NOVIS, | |
| Appellant | No. 2280 MDA 2015 |

Appeal from the Judgment of Sentence December 2, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000950-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 14, 2017**

Appellant, James Novis, appeals from the judgment of sentence imposed following his open guilty plea to homicide by vehicle while driving under the influence (DUI), DUI-general impairment, DUI-high rate of alcohol, and accidents involving death or personal injury while not properly licensed.[1]  We affirm.

We take the following facts from our review of the certified record.  In the early morning hours of May 4, 2013, Officer Charles Musial of the Lehman Township Police Department was dispatched to the scene of a single vehicle crash.  Upon arriving, the officer found Appellant, and his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735(a), 3802(a)(1) and (b), and 3742.1(a), respectively.

passengers, Cheri Hummel, and Michael Romanoskey, injured on the side of the road. He detected a strong odor of alcohol on Appellant and Hummel, who was nonresponsive and died at the scene. An investigation by the Pennsylvania State Police determined that Appellant's vehicle was travelling at approximately eighty-three miles per hour (MPH) in a fifty MPH zone. Appellant failed to negotiate a turn, went up an embankment, "vaulted approximately forty-five (45) feet over a gap, and [landed] directly into another embankment." (Trial Court Opinion, 6/27/16, at 2).

On November 12, 2015, Appellant pleaded guilty to the aforementioned charges. On December 2, 2015, after ordering and receiving the pre-sentence investigation report (PSI), the trial court sentenced Appellant to an aggregate term of incarceration of not less than seven nor more than fourteen years. The court denied Appellant's post-sentence motion. Appellant timely appealed.[2]

Appellant raises two questions for this Court's review: "I. Whether the trial court abused its discretion in sentencing [him; and] II. Whether the trial court failed to consider [his] remorse and other mitigating circumstances[?]" (Appellant's Brief, at 1).

_____

[2] Appellant filed a court-ordered statement of errors complained of on appeal on December 30, 2015. *See* Pa.R.A.P. 1925(b). The court filed an opinion on June 27, 2016. *See* Pa.R.A.P. 1925(a).

Appellant's issues challenge the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).

Further:

This Court has held that there is no absolute right to appeal when challenging the discretionary aspect of sentencing. In order for such an appeal to be valid, an appellant's brief must contain a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence and must also show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. In order to raise a substantial question, an appellant's Pa.R.A.P. 2119(f) statement must argue the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.

*Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013) (citations omitted).

In the case before us, Appellant's one-sentence Rule 2119(f) statement merely claims, "Appellant alleges that the trial court abused its discretion in sentencing Appellant in the aggravated range of the Sentencing Guidelines." (Appellant's Brief, at 3). Although, standing alone, this does not raise a substantial question, a review of Appellant's brief reveals that he claims "the trial court abused its discretion in sentencing him in the aggravated range relying upon issues already factored into the Sentencing Code[,]" and in failing to consider mitigating factors. (*Id.*, at 7; *see id.* at

- 3 -

10). Appellant raises a substantial question. ***See Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*).

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> \*    \*    \*
>
> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report (PSI), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . .

***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citations and quotation marks omitted).

Additionally:

> It is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole** reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (emphasis in original) (citation, quotation marks, and some emphasis omitted).

Here, the trial court explains in its opinion that, at the sentencing hearing:

> . . . [It] noted [Appellant's] extensive criminal record, the attempts at rehabilitation offered through probation, parole and the Luzerne County IPP program; all of which were afforded the Appellant numerous times in the past[,] noting that the attempts failed. The [c]ourt noted that [Appellant] repeatedly committed other crimes while he was on prior parole and probation sentences. He was rearrested for some while he was under conditions and drove while intoxicated multiple times. As the court reviewed the criminal history, the court noted that it could not find one sentence that [Appellant] previously served that was not revoked. Lastly, the court specifically found that the Appellant was a danger to society and that he had been afforded many opportunities over the past years.

(Trial Ct. Op., at 5). Our review of the notes of testimony from the sentencing hearing supports the trial court's opinion, and demonstrates that the court did not impermissibly "consider factors already included within the sentencing guidelines as the **sole** reason" for sentencing Appellant in the aggravated range. *Shugars*, *supra* at 1275 (emphasis in original); (*see also* N.T. Sentencing, 12/02/15, at 9-14). Moreover, the trial court had the benefit of a PSI, and, therefore, is presumed to have considered all relevant mitigating factors. *See Griffin*, *supra* at 937. Hence, we conclude that the trial court did not abuse its discretion in sentencing Appellant in the aggravated range. *See id.* Appellant's claims lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017