J-S29032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENN R. FOSTER | : | |
| | : | |
| Appellant | : | |
| | : | No. 1573 WDA 2015 |

Appeal from the Judgment of Sentence September 10, 2015
in the Court of Common Pleas of Mercer County Criminal Division
at No(s): CP-43-CR-0001427-2011

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JUNE 17, 2016**

Appellant, Glenn R. Foster, appeals from the judgment of sentence following an open plea of guilty to theft by unlawful taking,[1] graded as a first-degree misdemeanor. Appellant challenges the discretionary aspects of his sentence. We affirm.

The facts that led to his plea are unnecessary for our disposition. A presentence investigation was requested. N.T. Guilty Plea Hr'g, 12/4/12, at 14. Appellant absconded and was eventually apprehended. At the September 10, 2015 sentencing hearing, the court acknowledged reviewing[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921(a).

[2] The court sentenced numerous defendants that day. Prior to sentencing Appellant, the court informed all of the defendants of their post-sentence

Appellant's file, presentence investigation report, and other relevant documents. N.T. Sentencing Hr'g, 9/10/15, at 6. The court specifically acknowledged Appellant's advanced age, medical issues including cancer, extensive criminal history, which included twenty-three prior convictions, and failure to appear for his presentence investigation and sentencing hearing. *Id.* at 8-10. The court then sentenced Appellant to sixteen to sixty months' imprisonment.

On September 21, 2015, Appellant filed a motion to modify sentence, which reasoned that his sentence was manifestly excessive and the court failed to consider his "substantial medical issues." Mot. to Modify Sentence, 9/21/15, at 1-2. The court denied it the same day. Appellant timely appealed. On October 13, 2015, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant untimely filed a Rule 1925(b) statement on November 25, 2015, which challenged his sentence as excessive. The court filed a Rule 1925(a) decision.

Appellant raises the following issue on appeal:

> Did the sentence [sic] court abuse its discretion by imposing a sentence of not less than sixteen (16) nor more than sixty (60) months for the offense of theft by unlawful taking, a misdemeanor of the first degree, in that said sentence is manifestly excessive in length and not specifically tailored to the rehabilitative needs of the Appellant or the ends of justice and society?

rights and noted it reviewed every defendant's file. N.T. Sentencing Hr'g, 9/10/15, at 2-4, 6.

Appellant's Brief at 4.

In support of his issue, Appellant argues that he pleaded guilty to theft by unlawful taking, a first-degree misdemeanor. He points out that with an offense gravity score of three and with his prior record score of five, the sentencing guidelines called for six to sixteen months' imprisonment. Appellant notes that his minimum sentence of sixteen months' imprisonment is at the upper end of the sentencing guidelines. He asserts he has numerous medical issues and is remorseful. We conclude Appellant is not due relief.

As a prefatory matter, we acknowledge that Appellant filed his Rule 1925(b) statement late. We decline to find waiver, however, and elect to address his issue. *See Commonwealth v. Burton*, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*) (holding untimely filing of Rule 1925(b) statement by counsel is *per se* ineffective assistance of counsel).

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

> (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

*Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727. "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).

Instantly, Appellant timely appealed, preserved the issue in the post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in the brief.

*See Evans*, 901 A.2d at 533. We reproduce the entirety of Appellant's Rule 2119(f) statement below:

> Appellant believes that a substantial question is involved concerning the legality of his sentence because the sentence [sic] court erred in imposing a sentence of not less than sixteen (16) nor more than sixty (60) months of the offense theft by unlawful taking, in that the sentence was manifestly excessive in length and not specifically tailored to the rehabilitative needs of the [A]ppellant or the ends of justice and society.

Appellant's Brief at 8. Appellant failed to indicate where his sentence fell in the sentencing guidelines. *See Googins*, 748 A.2d at 727. Appellant, however, has asserted that his sentence was excessive and overly severe under the circumstances. We conclude Appellant has raised a substantial question. *See Kelly*, 33 A.3d at 640; *see also Evans*, 901 A.2d at 533-34. Accordingly, we examine the merits.

This Court has stated,

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted).

> In making a reasonableness determination, a court should consider four factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d)(1)-(4). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

*Id.* at 190-91 (citation omitted).

"When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013) (citation omitted). As our Supreme Court explained:

> A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is

> particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Instantly, the sentencing guidelines recommend a minimum sentence of between six to sixteen months' imprisonment given Appellant's prior record score and the statutory maximum sentence for a first-degree misdemeanor is sixty months' imprisonment. *See* 18 Pa.C.S. § 106. Appellant's minimum sentence falls within the upper range of the sentencing guidelines and his maximum sentence is the statutory limit. The trial court indicated it evaluated the presentence investigation report, Appellant's twenty-three prior convictions, cancer, age, and Appellant's failure to appear for his presentence investigation and sentencing. N.T. Sentencing Hr'g at 2-4, 8-10. Thus, we presume the court properly considered and weighed all the relevant factors in sentencing Appellant. *See Devers*, 546 A.2d at 18; *Baker*, 72 A.3d at 663. We therefore discern no basis to disturb the court's sentence, *see Sheller*, 961 A.2d at 190, and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016