J-S78038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TERESA M. YURCICH SHANNON | |
| Appellant | No. 655 WDA 2016 |

Appeal from the Judgment of Sentence Entered April 7, 2016
in the Court of Common Pleas of Mercer County Criminal Division
at No(s): CP-43-CR-0001336-2015

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JANUARY 13, 2017**

Appellant, Theresa M. Yurcich Shannon, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas following her guilty plea to one count of conspiracy to commit robbery, graded as a first degree felony.[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

On August 27, 2015, Appellant was arrested and charged with robbery and conspiracy to commit robbery in connection with the armed robbery of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(a); **See also** 18 Pa.C.S. § 3701(a)(1)(ii).  Robbery takes place under section 3701(a)(1)(ii) when, in the course of committing a theft, the defendant "threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]"  **Id.**  Robbery under this subsection is a felony of the first degree.  18 Pa.C.S. § 3701(b)(1).  The conspiracy charge had the same grade as the robbery charge.  **See** 18 Pa.C.S. § 905(a).

Marco's Pizza one day earlier.  Appellant, a former employee of the pizzeria, was the getaway driver.

Appellant entered an open guilty plea to conspiracy to commit robbery on February 18, 2016.  The Commonwealth agreed to *nolle prosse* the robbery charge.

On April 7, 2016, the trial court sentenced Appellant to twenty-four to sixty months' imprisonment.  The court reviewed Appellant's pre-sentence investigative report before imposing sentence.  N.T. Sentencing Hr'g, 4/7/16, at 5.  Appellant's minimum sentence of twenty-four months was within the standard guideline range of eighteen to thirty months.  *Id.* at 11.

On April 14, 2016, Appellant filed timely post-sentence motions asserting that her sentence was excessive.  The court denied Appellant's post-sentence motions.  On May 3, 2016, Appellant timely appealed.  Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises one issue in this appeal:

> Did the sentenc[ing] court abuse its discretion by imposing a sentence of not less than twenty-four (24) nor more than sixty (60) months for the offense of criminal conspiracy to commit robbery, a felony of the first degree, in that said sentence is manifestly excessive in length and not specifically tailored for the rehabilitative needs of. . . [A]ppellant or the ends of justice and society?

Appellant's Brief at 5.

Appellant contends that her sentence is excessive for three reasons: (1) her co-defendant, Brandon Williams, who actually committed the

- 2 -

robbery, received a shorter minimum sentence of twenty-two months' imprisonment; (2) Appellant acknowledged her mistake and was unlikely to re-offend; and (3) the court failed to consider that Appellant had a five-month-old child with Williams and now needs to rely on friends and relatives to care for the child. We conclude that no relief is due.

> Challenges to the discretionary aspects of sentencing
>
>> do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>>
>>> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>>
>> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (quotation marks and punctuation omitted). A Rule 2119(f) statement

> must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must

> specify what fundamental norm the sentence violates and
> the manner in which it violates that norm . . . .

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).

Here, Appellant timely appealed, preserved the issue in her post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in her brief. *See Evans*, 901 A.2d at 533. We reproduce the entirety of Appellant's Rule 2119(f) statement below:

> Appellant believes that a substantial question is involved concerning the legality of her sentence because the sentence [sic] court erred in imposing a sentence of not less than twenty four (24) nor more than sixty (60) months of the offense of criminal conspiracy to commit robbery, in that the sentence was manifestly excessive in length and not specifically tailored to the rehabilitative needs of the . . . [A]ppellant or the ends of justice and society.

Appellant's Brief at 8. Appellant fails to indicate where her sentence fell in the sentencing guidelines. *See Goggins*, 748 A.2d at 727. Appellant, however, has asserted that her sentence was excessive and overly severe under the circumstances. We conclude Appellant has raised a substantial

- 4 -

question. *See Kelly*, 33 A.3d at 640; *Evans*, 901 A.2d at 533-34. Accordingly, we examine the merits.

This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). In making a reasonableness determination, a court should consider four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d)(1)-(4).

A sentence may be found to be unreasonable if it fails to properly account for these four statutory factors, or if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing[.]" *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the

gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

"[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). Under such circumstances, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Corley*, 31 A.3d at 298 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

Here, Appellant's sentence is in the standard range of the Sentencing Guidelines. Because the court reviewed Appellant's presentence investigative report, we assume it took into account the mitigating circumstances raised in Appellant's brief, namely, her acknowledgment of her mistake and her need to care for her infant daughter. *See Corley*, 31 A.3d at 298. Moreover, ample basis existed for the court to impose a higher minimum sentence on Appellant than on Williams. Appellant had a prior record score of 1 due to two prior retail thefts, while Williams had a prior

record score of 0. Appellant's Post-Sentence Mot., 4/14/16, at ¶¶ 6-7.

Therefore, we conclude that Appellant's sentence was not excessive. ***See***

***Corley***, 31 A.3d at 298.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/13/2017