J-S89040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SUMO DUKULAH | |
| Appellant | No. 1955 EDA 2015 |

Appeal from the Judgment of Sentence February 17, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0007817-2013

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 09, 2017**

Appellant, Sumo Dukulah, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. Appellant challenges the sufficiency of the evidence, the weight of the evidence, the admission of testimony and the discretionary aspects of his sentence. We affirm.

We adopt the facts as set forth by the trial court's opinion. *See* Trial Ct. Op., 11/12/15, at 2-5. All charges at issue in this case concern Appellant's conduct with his niece, K.D., from the time she was approximately age ten until age sixteen.

During his jury trial, Appellant's counsel discussed K.D.'s lack of physical injuries during his opening statement:

---

[*] Former Justice specially assigned to the Superior Court.

> The physician who did [the rape kit] will testify in this trial. What they will tell you is that the rape kit exam shows no signs of sexual abuse or sexual activity. She had no—they examined her vagina and her anus and her mouth. They found no cuts, no tears, no scrapes, no scratches, no bruises, no sign on her vagina or anus of any sexual contact at all. Her hymen was still intact.

N.T. 3/26/2014, at 89.

In response, the Commonwealth sought to present the testimony of Dr. Laura K. Brennan, an attending physician in the pediatrics division at the Children's Hospital of Philadelphia who was qualified as an expert in the field of child sexual abuse. The Commonwealth argued outside the jury's presence:

> Your Honor, during the defense's opening yesterday they made a statement that the Commonwealth believes deliberately presented a falsehood to the jury. They deliberately—the defense opened on the fact that the complaining witness' hymen was intact and therefore she was never penetrated and that that was the evidence they were going to hear. Respectfully, to this Court, that is a deliberate misleading of the jury. Because the defense is on notice that, A, a sperm was found by the lab, and, more importantly, the complainant told the doctor and the detective that she had had consensual sex in the past with someone her own age.
>
> So they are on knowledge that the complainant has been penetrated in the past. And to say that the condition of her hymen therefore means she was never penetrated is deliberately misleading the jury. So, based on that, the Commonwealth believes they've opened the door. And we would ask to call an expert for the limited purpose to say that the fact that the hymen is not damaged or intact does not mean that they were never penetrated.
>
> And, as Your Honor knows, the experts testify to a study that was done of a number of pregnant teenagers who all

> had hymens that were intact. You can't un—ring that bell. The defense put in their mind that her hymen being intact or being not damaged therefore means she was never penetrated.
>
> It was not the Commonwealth's original—because there is no trauma in this case, and because the DNA is not an issue, the Commonwealth was not originally intending to proceed down that path, but now we're forced to rectify that. And so we would ask to call an expert for that limited purpose for those three or four questions, because the defense has put that into an issue and has put that idea already in the minds of the jury.

N.T., 3/27/2014, 16-17.

Appellant sought to exclude Dr. Brennan's testimony on the ground that the Commonwealth failed to reveal its intention to procure expert testimony prior to trial. The trial court admitted this testimony, concluding that Appellant "opened the door" during opening statements. On April 2, 2014, Appellant was convicted of rape,[1] rape of a child,[2] involuntary deviate sexual intercourse,[3] unlawful contact with a minor,[4] endangering the welfare of a child[5] and corruption of minors.[6]

---

[1] 18 Pa.C.S. § 3121(a)(1).

[2] 18 Pa.C.S. § 3121(c).

[3] 18 Pa.C.S. § 3123(a)(1).

[4] 18 Pa.C.S. § 6318(a)(1).

[5] 18 Pa.C.S. § 4304(a)(1).

[6] 18 Pa.C.S. § 6301(a)(1)(ii).

Prior to sentencing, in August 2014, Appellant filed a motion for extraordinary relief, attaching a handwritten letter, purportedly authored by K.D., recanting her trial testimony. The Commonwealth responded with a motion to remove defense counsel, Michael Van Der Veen, Esquire, for his alleged involvement in procuring the recantation letter. The trial court granted the Commonwealth's request and removed Attorney Van Der Veen from the case for purposes of Appellant's motion for extraordinary relief. Trial Ct. Order, 8/29/14. William Christopher Montoya was appointed to represent Appellant regarding the motion. The trial court conducted two hearings concerning the motion, on November 7, 2014 and December 16, 2014. At the first hearing, K.D. revealed that her family had encouraged her to lie by recanting her trial testimony. N.T., 11/7/14, at 111-122. Further, K.D. explained that Attorney Van Der Veen told her that if she wrote a letter recanting, Appellant would be released and sent back to Africa. *Id.* at 122-124. Further, K.D. testified that she copied exactly what a family member told her to write when creating the recantation letter. *Id.* at 129-135. The trial court denied Appellant's motion for extraordinary relief.

On February 17, 2015, the trial court sentenced Appellant to consecutive terms of five to ten years' imprisonment for rape, fifteen to thirty years for rape of a child, five to ten years for involuntary deviate sexual intercourse and five to ten years for unlawful contact with minor. The trial court also imposed sentences of one to three years' imprisonment for

both endangering the welfare of a child and for corruption of minors, to run concurrent with each other but consecutive to the remainder of the sentence. The resulting aggregate sentence was thirty-one to sixty-three years' imprisonment.

On February 25, 2015, Appellant filed a post-sentence motion, which the trial court denied on May 21, 2015. Appellant filed a timely notice of appeal and an amended court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal on August 27, 2015.[7] The trial court filed a responsive opinion.

Appellant raises the following issues for our review:

A. Was the evidence insufficient to sustain Appellant's convictions because the complainant's testimony was inconsistent and contradictory, so much so that to sustain the convictions amounts to a violation of due process?

B. Were the verdicts against the weight of the evidence and did the trial court commit an abuse of discretion by not granting Appellant a new trial?

C. Did the trial court err by permitting the Commonwealth to call Dr. Brennan as an expert witness after the start of trial?

---

[7] In his Rule 1925(b) statement, Appellant included, *inter alia*, the general contention that "the evidence was insufficient to find Appellant guilty of the charges against him, where the alleged victim's testimony was inconsistent, and she regularly contradicted herself on the stand." Appellant's Rule 1925(b) Statement, 8/27/15. Attorney Montoya filed Appellant's Rule 1925(b) statement but the instant appellate brief was filed by Attorney Van Der Veen.

D. Did the trial court commit an abuse of discretion by imposing an excessive sentence without considering the circumstances of the case and the character of Appellant?

Appellant's Brief at 4.

In his first issue on appeal, Appellant contends that the evidence was insufficient to support his convictions. The crux of his argument lies in his contention that K.D.'s testimony was "replete with inconsistencies and contradictions." *Id.* at 34. Appellant also points to a "lack of physical evidence" and an "incomplete police investigation." *Id.* at 42. The Commonwealth counters that Appellant waived his sufficiency claim due to a lack of specificity and, in the alternative, maintains that K.D.'s testimony alone provided more than ample evidence to support Appellant's convictions.[8] Commonwealth's Brief at 11-17. No relief is due.

Our review of a sufficiency of the evidence claim is governed by the following principles:

> [O]ur scope of review is plenary. Our standard of review is *de novo*. Scope of review refers to the confines within which an appellate court must conduct its examination. . . . In other words, it refers to the matters (or what) the appellate court is allowed to examine. In contrast, standard of review refers to the manner in which (or 'how') that examination is conducted. A standard of review is the degree of deference given by the reviewing court to the

---

[8] Despite receiving three extensions, the Commonwealth filed its brief thirty-five days after the third extended deadline. Hence, we are in receipt of Appellee's motion to strike the Commonwealth's brief. Although we admonish the Commonwealth for failing to file a timey brief, we decline to strike the brief pursuant to Pa.R.A.P. 2118 because Appellant was not prejudiced by the late filing.

decision under review. In other words, it is the power of the lens through which the appellate court looks at the issue in a particular case.

[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, *it* must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-36 (Pa. 2007) (quotation marks and citations omitted). Indeed, this Court has held that a "victim's uncorroborated testimony is sufficient to support a rape conviction." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 721 (Pa. Super. 2015) (citation omitted).

In addition, regarding the need for specificity in a sufficiency claim, this Court has held:

[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Here, [the a]ppellant . . . failed to specify which elements he was challenging in his 1925 statement . . . . While the trial court did address the topic of sufficiency in its opinion, we have held that this is "of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective

> manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim."
>
> *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) [ ].

*Commonwealth v. Garang*, 9 A.3d 237, 244 (Pa. Super. 2010) (some citations omitted).

As a prefatory matter, we consider whether Appellant has waived his sufficiency of the evidence claim. As noted above, Appellant's Rule 1925(b) statement failed to "specify the element or elements upon which the evidence was insufficient" and failed to specify which convictions he was challenging. *See Garang*, 9 A.3d at 244. Thus, we are constrained to conclude that Appellant's sufficiency issue is waived. *See id.* Moreover, even were we not to conclude that Appellant's sufficiency issue is waived, we agree with the trial court that ample evidence supported Appellant's convictions. *See Ratsamy*, 934 A.2d at 1235-36. As noted by the trial court, K.D.'s testimony established that Appellant, the man she thought of as her father, repeatedly raped her over a six-year period, starting when she was only ten years old. This testimony was sufficient for the jury as the fact-finder to find Appellant guilty, and we see no reason why this determination should be disturbed by this Court. *See Gonzalez*, 109 A.3d at 721. Thus, no relief is due.

Appellant also maintains that his guilty verdicts were against the weight of the evidence. To that end, Appellant points to inconsistencies in

K.D.'s testimony regarding the timing of the sexual assaults at issue, K.D.'s letter recanting her trial testimony, the lack of any physical evidence and "the utter lack of corroborating evidence." Appellant's Brief at 48. To the contrary, the Commonwealth emphasizes that any inconsistencies in K.D.'s testimony were minor and the trial court found that the recantation letter was engineered by others. Commonwealth's Brief at 19-23. Further, the Commonwealth highlights that five other corroborating witnesses testified that K.D. had confessed Appellant's abuse to them individually. *Id.* at 23. Once again, we disagree with Appellant and decline to award relief.

The principles governing a challenge to the weight of the evidence are well settled.

> A verdict is against the weight of the evidence "only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." A weight of the evidence claim is primarily directed to the discretion of the judge who presided at trial, who only possesses "narrow authority" to upset a jury verdict on a weight of the evidence claim. Assessing the credibility of witnesses at trial is within the sole discretion of the fact-finder. A trial judge cannot grant a new trial merely because of some conflict in testimony or because the judge would reach a different conclusion on the same facts, but should only do so in extraordinary circumstances, "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." . . .

*Commonwealth v. Blakeney*, 946 A.2d 645, 652-53 (Pa. 2008) (citations omitted).

An appellate court reviews the exercise of discretion by the trial court, "not . . . the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation and emphasis omitted).

In this case, the trial court aptly concluded that the jury's verdicts were not contrary to the weight of the evidence and "shock[ ] no one's sense of justice." Trial Ct. Op. at 9; **see also Blakeney**, 946 A.2d at 652-53. We agree. K.D.'s testimony regarding Appellant's continual sexual abuse, and the corroborating witnesses who testified that K.D. had confided in them about the abuse, was ample evidentiary support for the trial court's decision. Thus, we hold that the trial court did not abuse its discretion in determining that the verdicts were not contrary to the weight of the evidence. **See Clay**, 64 A.3d at 1055. Therefore, Appellant's second issue warrants no relief.

Turning to Appellant's third issue, he contends that the trial court erred by admitting the testimony of Commonwealth witness Dr. Brennan "because Appellant did not open the door to the testimony, the admission of the testimony constituted trial by ambush, and the opinions expressed by the doctor lacked evidentiary support and amounted to a regurgitation of findings made by someone else." Appellant's Brief at 32. The Commonwealth responds that Dr. Brennan's testimony regarding the ability for a sexual assault victim to still have an "intact hyman" was necessary to refute Appellant's suggestion that K.D. could not have been sexually

assaulted. Commonwealth's Brief at 25-27. The Commonwealth also emphasizes that Dr. Brennan, as a supervising physician in the pediatrics division at the Children's Hospital of Philadelphia, had extensive personal experience examining suspected sexual abuse victims, and utilized that experience, together with K.D.'s doctor's report, to inform her trial testimony. *See id* at 28. We conclude that Appellant's argument regarding the admission of Dr. Brennan's testimony does not merit relief.

In cases involving the admission of expert testimony we note:

> Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion. An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice.

*Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013) (citation omitted).

In addition, it is beyond cavil that "when expert opinion evidence is admitted, the factfinder is free to reject it, accept it, or give it some weight between the two." *Commonwealth v. Stephens*, 74 A.3d 1034, 1041 (Pa. Super. 2013) (citation omitted). Further, "a litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence." *Commonwealth v. Nypaver*, 69 A.3d 708, 716 (Pa. Super. 2013) (citation omitted).

In the case *sub judice*, the trial court properly determined that Appellant "opened the door" to Dr. Brennan's testimony by referring to

K.D.'s "intact hyman" in counsel's opening statement as evidence that K.D. was not the victim of sexual assault. ***See Nypaver***, 69 A.3d at 716. Further, the decision to accept Dr. Brennan's opinion as to whether, in her substantial experience, it was "possible" that K.D. had been the victim of sexual assault even without direct physical evidence was a matter properly left to the factfinder's discretion. ***See Stephens***, 74 A.3d at 1041. Therefore, we conclude that the trial court did not abuse its discretion by admitting the testimony of Dr. Brennan. ***See Huggins***, 68 A.3d at 966.

In his last issue, Appellant argues that the trial court abused its discretion in imposing an aggregate sentence of thirty-one to sixty-three years' imprisonment. Appellant specifically avers that his sentence was unreasonable and manifestly excessive because it was imposed consecutively rather than concurrently. Appellant's Brief at 68-69. He further contends that the trial court focused on the seriousness of the offense rather than Appellant's circumstances and rehabilitative needs. ***Id***. at 70-71.

This Court has stated:

> discretionary aspects of [an appellant's] sentence [ ] are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P.

720; (3) whether appellant's brief has a fatal defect,
Pa.R.A.P. 2119(f); and (4) whether there is a
substantial question that the sentence appealed from
is not appropriate under the Sentencing Code, 42
Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely filed his appeal, preserved the issue of an excessive sentence in his post-sentence motion, and included a statement in his brief, which conforms with Pa.R.A.P. 2119(f). *See* Appellant's Brief at 63-65. Accordingly, we ascertain whether Appellant has raised a substantial question. *See Leatherby*, 116 A.3d at 83.

"We conduct a case-by-case analysis to determine what allegations constitute a substantial question." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citation omitted); *see also* 42 Pa.C.S. § 9781(b). "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011); *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005) (appellant raised a substantial question when he claimed that a sentencing court imposed an excessive sentence and failed to consider substantial mitigating factors). "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a

- 13 -

substantial question." ***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa.

Super. 2012) (citation omitted).

We find that Appellant's Rule 2119(f) statement presents a substantial

question. ***See id.***; ***Kelly***, 33 A.3d at 640; ***Perry***, 883 A.2d at 602. Our

standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of
> the sentencing judge, and a sentence will not be disturbed
> on appeal absent a manifest abuse of discretion. An abuse
> of discretion is more than just an error in judgment and,
> on appeal, the trial court will not be found to have abused
> its discretion unless the record discloses that the judgment
> exercised was manifestly unreasonable, or the result of
> partiality, prejudice, bias, or ill-will.
>
> More specifically, 42 Pa.C.S.A. § 9721(b) offers the
> following guidance to the trial court's sentencing
> determination:
>
>> [T]he sentence imposed should call for confinement
>> that is consistent with the protection of the public,
>> the gravity of the offense as it relates to the impact
>> on the life of the victim and on the community, and
>> the rehabilitative needs of the defendant.
>
> 42 Pa.C.S.A. § 9721(b).
>
> Furthermore,
>
>> Section 9781(c) specifically defines three instances
>> in which the appellate courts should vacate a
>> sentence and remand: (1) the sentencing court
>> applied the guidelines erroneously; (2) the sentence
>> falls within the guidelines, but is "clearly
>> unreasonable" based on the circumstances of the
>> case; and (3) the sentence falls outside of the
>> guidelines and is "unreasonable." 42 Pa.C.S. §
>> 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate
>> courts must review the record and consider the
>> nature and circumstances of the offense, the

sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S. § 9721(b) is exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Bricker***, 41 A.3d at 875-76 (alterations and some citations omitted).

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014) (quotation marks and citations omitted).

The trial court stated that prior to sentencing, it considered the sentencing guidelines and also read the Commonwealth's sentencing memorandum, which raised grave concerns regarding Appellant's lack of potential for rehabilitation. N.T., 2/17/15, at 51. The trial court also indicated that it carefully reviewed the presentence report and mental health evaluation. Trial Ct. Op. at 11. The trial court specifically noted that the cruelty involved in the case over a prolonged period of time and Appellant's

lack of any remorse or compassion for the victim were important factors in the sentence imposed.  N.T., 2/17/15, at 51.

After a careful consideration of the record, we find no abuse of discretion.  *See **Bricker***, 41 A.3d at 875-76.   The trial court considered the presentence report.  *See **Antidormi***, 84 A.3d at 761.   Further, the trial court also properly weighed the gravity of Appellant's actions and his lack of propensity toward rehabilitation.  *See **id.***  Therefore, Appellant's fourth issue on appeal also must fail.   Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.  Motion to strike denied.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017

- 16 -