**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James Franklin KELLY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 2011.
Filed Dec. 2, 2011.

Joseph J. Hartye, Hollidaysburg, for appellant.

Richard A. Consiglio, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

BEFORE: ALLEN, LAZARUS, and OTT, JJ.

OPINION BY LAZARUS, J.:

James Franklin Kelly appeals from his judgment of sentence entered on January 10, 2011, after he was found to be in violation of his two probations. After careful review, we vacate and remand for resentencing.

On January 11, 2010, Kelly pled guilty to one count each of theft [1] and possession of

---

1.  18 Pa.C.S.A. § 3921(a).

drug paraphernalia.[2]  He was sentenced to two concurrent one-year terms of probation, plus fines and costs.

On December 22, 2010, Kelly appeared before the court on various probation violations.  He did not contest the violations, but requested the court order a presentencing psychiatric evaluation.  The court declined to order the evaluation and did not order a presentence investigation ("PSI").  The court revoked both of Kelly's probations and sentenced him to consecutive terms of 12 to 24 months' (theft) and 6 to 12 months' (possession) incarceration.  Kelly did not file post-sentence motions.

Kelly filed a timely notice of appeal on January 12, 2011.  The trial court ordered Kelly to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which he did on February 1, 2011.  The trial court filed its Pa.R.A.P. 1925(a) opinion on February 8, 2011.

On appeal, Kelly raises the following issue for our consideration:

> WHETHER THE GAGNON [II] COURT COMMITTED AN ERROR WHEN IT SENTENCED KELLY TO A PERIOD OF INCARCERATION OF NOT LESS THAN EIGHTEEN (18) MONTHS TO NO MORE THAN THIRTY–SIX (36) MONTHS AT A STATE CORRECTIONAL INSTITUTE?

Brief of Appellant, at 7.

Kelly's appeal raises a challenge to the discretionary aspects of his sentence.  Such a challenge must be considered a petition for permission to appeal.  *Commonwealth v. Hoch,* 936 A.2d 515, 518 (Pa.Super.2007).  The Rules of Appellate Procedure mandate that, to obtain review of the discretionary aspects of a sentence, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal.  *See* Pa. R.A.P. 2119(f).  This statement must "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process."  *Commonwealth v. Flowers,* 950 A.2d 330, 331 (Pa.Super.2008).

Here, Kelly has included a Rule 2119(f) statement, in which he claims that his sentence was "manifestly excessive in light of its severity and because of the nature of his probation violations and his potential mental health problems."  Brief of Appellant, at 11.  Kelly also asserts that the trial court imposed his sentence "without considering the requisite statutory factors and failed to adequately state reasons for dispensing with a PSI and a psychiatric report[.]"  *Id.*

A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.  *See Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 624 (2002).  However, Kelly's brief is devoid of argument on this claim and, thus, we find it to be waived.  *Commonwealth v. Clayton,* 572 Pa. 395, 816 A.2d 217, 221 (2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

Kelly's next claim concerns the failure of the trial court to order a PSI and psychiatric report.  "[A]n appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report [raises] a substantial question."  *Flowers,* 950 A.2d at 332 (citation and quo-

---

**2.**  35 P.S. § 780–113(a)(32).

tation omitted). Thus, we will consider the merits of Kelly's claim.

In support of his claim, Kelly argues that, although the trial court has discretion to dispense with a PSI under certain circumstances, the court must document its reasons for doing so.[3] Brief of Appellant, at 12 (citing Pa.R.Crim.P. 702(A)(2)). Kelly asserts that a sentencing judge must either order a PSI or conduct sufficient pre-sentence inquiry so that the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background. *Id.* at 12–13 (citing *Commonwealth v. Goggins,* 748 A.2d 721 (Pa.Super.2000)). Kelly asserts that the court not only dispensed with a PSI, but also neglected to conduct a sufficient pre-sentence inquiry prior to imposing sentence. *Id.* at 14. Thus, the court did not satisfy the dictates of Rule 702.

In its Rule 1925(a) opinion, the trial court stated that it "cited numerous reasons for why an eighteen to thirty-six month sentence was imposed ... and those reasons are readily apparent from the record." Trial Court Opinion, 2/8/11, at 1. The "reasons ... from the record" cited by the trial court were the numerous violations testified to by Kelly's probation officer. *See id.* at 1–2 (listing violations including: (1) shooting Oxycontin; (2) snorting heroin; (3) being discharged from treatment for failure to comply with rules and regulations; (4) failing to report to probation officer and to allow officer to enter home; (5) new criminal charges for theft and receiving stolen property; (6) failure to appear; (7) fleeing and eluding

police; and (8) abusing prescription drugs not prescribed to him). Finally, the trial court stated that it "took into consideration that [Kelly's] mental health needs can be adequately addressed through this sentence" because "if psychiatric issues are present, [Kelly] would need to be in the confined setting of the state correctional institution for a period of at least eighteen to thirty-six months in order to benefit from any mental health treatment which would be available to him in that setting." *Id.* at 2.

We have previously stated that the mandate for the PSI

> springs from the imperative of individualized sentencing; each person sentenced must receive a sentence fashioned to his or her individual needs. To achieve that objective, the trial judge, before imposing sentence, even on a probation or parole revocation, must actively explore the defendant's character and his potential response to rehabilitation programs. Indeed, given the defendant's failure to respond to the original sanction of probation, the need for scrutiny of his character and underlying social influences is arguably enhanced, confirming the need of a current PSI report contoured to reflect the defendant's most recent offenses.

*Flowers,* 950 A.2d at 334.

█ The "essential and adequate" elements of a PSI are as follows:

> (A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the

---

**3.** Pa.R.Crim.P. 702(A)(2) requires that the trial court place on the record its reasons for dispensing with a PSI under certain circumstances. These circumstances include "when incarceration for one year or more is a possible disposition under the applicable sentencing statutes." Pa.R.Crim.P. 702(A)(2)(a).

Here, Kelly's underlying convictions involved a second-degree misdemeanor, punishable by a sentence of up to two years' imprisonment, and an ungraded misdemeanor, punishable by a sentence of up to one year in prison. *See* 18 Pa.C.S.A. § 106(b)(7) & (9).

record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation; [and]

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Goggins,* 748 A.2d at 728–29. In the absence of a PSI, the court must conduct a pre-sentence inquiry such that it is "apprised of the particular circumstances of the offense, not limited to those of record, as well as defendant's history and background." *Id.* at 728.

Upon review of the transcript of the *Gagnon II* proceedings, we find that the trial court failed to satisfy the requirement of Rule 702 that it place on the record its reasons for dispensing with a PSI. Furthermore, the court neither ordered a PSI nor conducted a pre-sentence inquiry as required under *Goggins, supra,* in the absence of a PSI. The *Gagnon II* transcript is bereft of any information regarding the circumstances of Kelly's probation violations, his prior criminal record, his educational and employment background, his social and familial history, or his medical and psychiatric history. Although Kelly's counsel stated on the record that Kelly's family had expressed concerns regarding his mental health and requested a psychiatric evaluation, the court declined to obtain that information, instead leaving it to the prison system to sort out. Moreover, while Kelly's probation officer did testify as to his violations and addiction issues, those facts were placed on the record to establish Kelly's violations of probation and not as an aid to the court in individualizing its sentence to fit Kelly's needs. *See Goggins, supra.* In sum, the record shows that the trial court sentenced Kelly without obtaining even the most basic personal information necessary to enable it to craft a sentence tailored to Kelly's individual and rehabilitative needs.

Judgment of sentence vacated; case remanded for resentencing in accordance with the dictates of this opinion. Jurisdiction relinquished.

ALLEN, J., files a Dissenting Opinion.

DISSENTING OPINION BY ALLEN, J.:

Appellant argues, and the majority agrees, that the trial court erred by sen-

tencing Appellant without the aid of a pre-sentence investigation ("PSI") report and psychiatric evaluation following the revocation of his probation. For the following reasons, I respectfully dissent.

Appellant claims that he was entitled to a pre-sentence psychiatric evaluation. Contrary to the majority's determination, I find no abuse of discretion in the trial court's decision to deny that request. Pa. R.Crim.P. 702(B), pertaining to pre-sentencing psychiatric examinations, provides:

**(B) Psychiatric or Psychological Examination.**

> After a finding of guilt and before the imposition of sentence, after notice to counsel for both parties, the sentencing judge *may*, as provided by law, order the defendant to undergo a psychiatric or psychological examination. For this purpose the defendant may be remanded to any available clinic, hospital, institution, or state correctional diagnostic and classification center for a period not exceeding 60 days.

Pa.R.Crim.P. 702(B) (emphasis added). (*Compare with* Pa.R.Crim.P. 702(A) pertaining to the separate and distinct requirements regarding PSI reports). *See also Commonwealth v. Flowers*, 950 A.2d 330, 333 (Pa.Super.2008) (explaining that a psychological or psychiatric evaluation is optional and the trial court need only request a psychological or psychiatric report "if desirable"). Thus, *Flowers, supra* and Pa.R.A.P. 702(B) together make clear that it is entirely within the discretion of the trial court to determine whether a psychiatric evaluation is warranted. Upon review of the record, I conclude that the trial court did not abuse that discretion in the present case.

At Appellant's sentencing hearing, following Appellant's request for a psychiatric evaluation, the trial court considered Appellant's mental health concerns and determined, in a proper exercise of its discretion, that a pre-sentence psychiatric evaluation was not "desirable" in the present case. In so doing, the trial court explained:

> [The trial court] notes the request of [Appellant's counsel] for [Appellant] to [undergo a mental health evaluation] before beginning his sentence, but the [trial court] declines to take that action feeling that [Appellant's] mental health needs can be adequately addressed in the [State Correctional Institution] through this sentence and furthermore, believes [that] if psychiatric issues are present, [Appellant] would need to be in the confined setting of the [State Correction Institution] for a period of at least eighteen to thirty-six months in order to benefit from any mental health treatment which would be available to him in that setting.

> The [trial court] notes that there have been previous efforts on the part of the Blair County Adult Parole and Probation Office to achieve mental health help for [Appellant] which he has thwarted by absconding and failing to appear for appointments. Specifically, the [trial court] notes in the guilty plea colloquy filled out by [Appellant] on January 7, 2010, in regard to Question No. 9 he was asked, "Are you now being treated for a mental illness?" [Appellant's] response was "Nope, had an appointment." In regard to Question No. 10, "If the answer to Question No. 9 is yes, please explain the detail." Answer, "Nope, missed my appointment."

Trial Court Sentencing Order, 12/22/10, at 1–2. *See also* Trial Court Opinion, 2/8/11, at 2.

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically refer-

ence the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super.2010). Here, the trial court's statements reflect its consideration of the facts of the crime and the character of the offender, in which the trial court explained that Appellant's mental health needs would be best addressed in the confinement of a correctional institution, in light of Appellant's failure to comply with previous opportunities for treatment while he was on probation, and Appellant's tendency to abscond. Accordingly, the trial court expressly mandated in its sentencing order that Appellant receive a mental health evaluation during the course of his incarceration, and specified that his incarceration should be of sufficient duration for him to benefit from such mental health assistance. In light of the foregoing, I conclude that the trial court adequately explained the reasons for its sentence, including its consideration of Appellant's mental health needs. The trial court's de-

cision to decline a pre-sentence psychiatric evaluation is supported by the record and does not constitute an abuse of discretion.

With respect to Appellant's assertion on appeal that the trial court erred in failing to order a full PSI report, I find this claim waived because Appellant never requested a PSI report, nor objected to the trial court's failure to order such a report. N.T., 12/22/10, at 3. "To properly preserve the discretionary aspects of sentencing for appellate review, the issue must be raised during sentencing or in a timely post-sentence motion." *Commonwealth v. Sheller*, 961 A.2d 187, 189 (Pa.Super.2008). Here, at no time during the sentencing hearing or in post-sentence motions did Appellant request a full PSI report. Appellant's sole request was for a pre-sentence "psychiatric evaluation" which did not preserve Appellant's claim, raised for the first time on appeal, that he was entitled to a full PSI. *See Flowers*, 950 A.2d at 333 (explaining that a psychiatric evaluation is optional and constitutes only one distinct component of a pre-sentence investigation).[12]

---

1. *Flowers* mandates that a PSI report "must" include *inter alia*, a description of the offense, the offender's criminal record, educational background, social history, the offender's medical history, information about the environment to which the offender might enter if probation is granted, supplementary reports from social institutions with which the offender has been involved, and information about special resources available to assist the offender. *Flowers*, 950 A.2d at 333 *citing Commonwealth v. Goggins*, 748 A.2d 721, 728–729 (Pa.Super.2000). However, pursuant to *Flowers*, a PSI report need only include a psychological or psychiatric report "if desirable." A psychiatric evaluation is therefore only one component of a PSI report, and is optional. Appellant in this case did not preserve his claim that he is entitled to a full PSI report. *See also* Pa.R.Crim.P. 702(A) (pertaining to PSI reports) *and compare with* Pa. R.Crim.P. 702(B) (pertaining to psychiatric/psychological examinations, as separate, distinct and optional from the PSI report).

2. Pa.R.Crim.P. 702(A), pertaining to PSI reports, provides:

   **(A) Pre-sentence Investigation Report**
   (1) The sentencing judge may, in the judge's discretion, order a presentence investigation report in any case.
   (2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:
   (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;
   (b) when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or
   (c) when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.
   (3) The pre-sentence investigation report shall include information regarding the circumstances of the offense and the

Thus, Appellant waived his appellate claim that the trial court should have ordered a full PSI report.

Additionally, I note that when Appellant originally entered his guilty plea on January 11, 2010, Appellant did not request a PSI report, nor did the trial court deem such a report necessary. Rather, Appellant *agreed* to be sentenced immediately after the entry of his plea—without a PSI report. Nor did Appellant ever file a direct appeal challenging the trial court's decision not to order a PSI report at that juncture.

Even if Appellant had preserved his claim that he was entitled to the benefit of a full PSI report after revocation of his probation, I disagree with the majority's opinion that the trial court abused its discretion in failing to order such a report, or that the trial court did not conduct an adequate pre-sentencing hearing.

"Probation revocation requires [only] a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct, ... without a jury, with a lower burden of proof, and with fewer due process protections" and at which procedural rules are less important. *Commonwealth v. Holder*, 569 Pa. 474, 805 A.2d 499, 504 (2002). Moreover, "upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super.2004). In the particular context of a sentence imposed for a probation violation, once probation has been revoked, a sentence of total confinement may be imposed if *any* of the following three conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of court. 42 Pa. C.S.A § 9771; *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super.2006).

Appellant's probation officer placed on the record a detailed explanation of Appellant's probation violations and subsequent criminal behavior as follows:

[Appellant's] violations are numerous. We'll start with the most recent [which] is when he was apprehended on a Bench Warrant that we had. He admitted that he shot Oxycontin on October 2 and 3, 2010, and snorted heroin on October 4. Prior to that, he missed an appointment and had unsuccessfully been discharged from treatment for failure to comply with the treatment rules and regulations. I called him to report. He failed to report. He didn't return the call. We attempted a home visit. He and Miss Myers, that he lives with, refused to open the doors. They had surveillance cameras on both doors, watched us out there. The Altoona Police Department came and assisted us in entering the residence, and [Appellant] had left, absconded again. Prior to that, he had new criminal charges for Retail Theft. He failed to appear for that hearing before Magistrate Jackson, and he also failed to report that to our [probation] office. Magistrate Jackson issued a warrant for his arrest, a Bench Warrant. He was apprehended near the Grand-

character of the defendant sufficient to assist the judge in determining sentence.
(4) The pre-sentence investigation report shall also include a victim impact statement as provided by law.

Pa.R.Crim.P. 702(A).

view Cemetery on October 5, when he was fleeing and eluding from Officer McKendree of the Logan Township Police Department. Prior to that he provided a positive drug screen for opiates, and he voluntarily admitted that he took Oxycontin and Darvocet not prescribed to him. We did follow through, we detained him, [and he] had a *Gagnon I* [hearing]. I released him to inpatient treatment instead of a revocation and tried to work with him through the addiction.

N.T., 12/2/10, at 1–2.

Appellant expressly stated that he did not contest this account of his probation violations. *Id.* On the basis of these violations, the trial court concluded that Appellant was likely to commit another crime if not imprisoned and/or had in fact done so, and that incarceration was necessary to vindicate the trial court's authority. There is ample support in the record for the trial court's determination. All previous judicial efforts to rehabilitate Appellant and address his mental health and drug issues not only failed, but in fact led to a continuation of Appellant's anti-social behavior. Appellant systematically failed to comply with the terms of his probation by repeatedly ingesting prohibited controlled substances, being discharged from treatment for failing to comply with treatment rules and regulations, failing to report to his probation officer, refusing to allow his probation officer entry to his home, fleeing and eluding probation officers and police officers when they attempted to locate him, and failing to appear before a magistrate after incurring new criminal charges. N.T., 12/2/10, at 1–2; Trial Court Opinion, 2/8/11, at 1–2. In light of the foregoing, I conclude that the trial court's decision to resentence Appellant to total confinement is supported by the record, and complies with the requirements of 42 Pa.C.S.A § 9771. *See Crump*, 995 A.2d at 1283 (Pa.Super.2010) (where the trial court considered the testimony at the revocation hearing regarding appellant's lack of success under probation, his arrest while under supervision, his failure to appear on numerous occasions, his flight from a halfway house while under parole supervision, and his being found in possession of a controlled substance while on probation—which showed that appellant was likely to commit another crime—the record as a whole reflected that the trial court considered the facts of the crime and character of Appellant in making its determination and Appellant was not entitled to relief).[3]

I emphasize that a PSI report is not necessary in every probation revocation and resentencing hearing. To impose such a requirement on trial courts would unnecessarily burden the efficient administration of justice. *Flowers* and Pa.R.Crim.P. 702(A)(2) vest discretion with the trial court to dispense with a PSI, provided that the trial court documents its reasons for doing so, if required by the circumstances. However, *Flowers* notes that "technical noncompliance with the requirements of Rule 702(A)(2) might be rendered harmless [where the trial court] elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision." *Flowers*, 950 A.2d at 333; Pa.R.Crim.P. 702(A)(2). A sentence need not be vacated in every case in which a PSI report is not ordered. In such cases, careful review of the record is required to determine whether the trial court "elicited sufficient information during the colloquy to substitute

---

**3.** Following revocation of Appellant's probation, the trial court sentenced Appellant to a term of imprisonment of 12 to 24 months for the crime of theft, and 6 to 12 months for possession of drug paraphernalia.

for a PSI report, thereby allowing a fully informed sentencing decision." *Flowers,* 950 A.2d at 333. In those circumstances, we defer to the sound discretion of the trial court and will reverse only upon a showing of manifest abuse, which Appellant, in this instance, has failed to demonstrate.

For these reasons, I dissent.

**J.R.M., Appellant**