**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEON LAMONT ALLEN, | |
| Appellant | No. 1328 MDA 2015 |

Appeal from the Judgment of Sentence June 15, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001153-2014

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                     **FILED MARCH 11, 2016**

Leon Lamont Allen appeals from the judgment of sentence of six to fifteen years imprisonment that the trial court imposed after it convicted Appellant at a nonjury trial of robbery and possession of an instrument of crime ("PIC").  We affirm.

The following evidence produced by the Commonwealth supported the convictions in question.  At approximately 7:15 p.m. on February 9, 2014, the victim, Trisha Magilton, went to her boyfriend's residence, which was located in a condominium complex at 1525 North Front Street, Harrisburg. After entering the lobby of the building through the locked door by using either a key or a key pad, Ms. Magilton pressed the elevator button, and then she heard a knock on the front door.

_____
* Retired Senior Judge assigned to the Superior Court.

Appellant was standing outside, and Ms. Magilton opened the door slightly to ascertain what he wanted. At trial, the victim testified that Appellant then "shoved his hands in, had a gun, and demanded my purse." N.T. Nonjury Trial, 4/6/15, at 9. Due to confusion and fear, Ms. Magilton screamed and hesitated, but, after Appellant "shook the gun at [her] and demanded it a couple times," she "slid the purse over to [Appellant] on the floor[.]" *Id*. Appellant reached into the lobby, grabbed the orange purse, and fled. The victim stated the gun was black.

Ms. Magilton ran upstairs to her boyfriend's fifth-floor condominium and contacted police, giving them a description of Appellant and his clothing. Shortly thereafter, police transported the victim to the corner of Second and Reily Streets, which was approximately one block away from the condominium complex. Appellant was standing in front of a police vehicle, and the victim identified him as the perpetrator of the crime. Ms. Magilton was then taken to a Lexus and viewed her purse on the backseat.

United States Marshal Luis Rodriguez testified as follows. On February 9, 2014, he was employed by the Harrisburg Police Department and was on routine patrol when, at 7:20 p.m., he heard a broadcast that an armed robbery had occurred on the 1500 block of North Front Street. Marshal Rodriguez, who was on the corner of Second and Reily Streets, began searching the area, and immediately saw Appellant, who matched the description of the perpetrator. Appellant was exiting a Lexus with another

individual. Marshal Rodriguez radioed for backup, and he and two other officers detained Appellant.

The victim was brought to the area and positively identified both Appellant as the person who robbed her at gunpoint, and her purse in the Lexus that he had just exited. Police then contacted the vehicle's owner, who gave them consent to search it. In addition to the purse, police found a black Airsoft gun that was altered to look like a Beretta and various items from Ms. Magilton's purse.

Appellant was sentenced on June 15, 2015. The pre-sentence report, to which Appellant had no corrections, outlined a significant criminal history. In addition to four juvenile delinquency adjudications, his adult offenses resulted in a prior record score of four. The offense gravity score was ten for the armed robbery, resulting in a standard-range sentence of forty-eight to sixty months. The PIC, with an offense gravity score of three, had a standard-range sentence of three to fourteen months incarceration. The Commonwealth did not invoke a mandatory minimum sentence. The sentencing court imposed an aggravated-range sentence on the armed robbery of six to fifteen years imprisonment and a concurrent standard-range sentence of one to two years in jail for PIC.

This appeal followed denial of Appellant's motion to modify the sentence. Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement, and this matter is ready for review. Appellant

raises this contention: "Whether the trial court erred in denying Appellant's Post-Sentence Motion where his sentence is excessive and unreasonable and constitutes too severe a punishment in light of Appellant's rehabilitative needs, the gravity of the offense, and what is needed to protect the public?" Appellant's brief at 5.

A defendant does not enjoy an automatic right to direct review of the discretionary aspects of a sentence. ***Commonweath v. Haynes***, 125 A.3d 800 (Pa.Super. 2015). Instead, our jurisdiction is invoked only when a four-part test is satisfied: 1) the appeal must be timely; 2) the issue has to be preserved in a motion to reconsider or by objection at sentencing as well as in response to an order to file a Pa.R.A.P. 1925(b) statement; 3) defendant's appellate brief must contain the statement required by Pa.R.A.P. 2119(f); and (4) that statement has to raise the existence of a substantial question that the sentence is not appropriate under the Sentencing Code. ***Id***.

In this case, the appeal was timely, and the contention was preserved in a post-sentence motion to modify and in Appellant's Pa.R.A.P. 1925(b) statement. Also, Appellant's brief contains a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal from the discretionary aspects of his sentence. Appellant maintains that the sentence is so manifestly excessive as to constitute too severe a punishment, and he relies upon ***Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011), In that decision, we stated, "A claim that a sentence is manifestly excessive such

that it constitutes too severe a punishment raises a substantial question." Accordingly, we will review the merits of Appellant's averment.

It is well established that "the trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014). The rationale behind according trial courts this broad discretion is "that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." **Id**. (citation and quotation marks omitted). First, "the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." **Id**. Additionally, "the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." **Id**.

Appellant makes scant effort to develop his sentencing claim. Appellant's brief at 11-12. Instead, he recites a litany of what he labels as mitigating factors. Specifically, he relies upon his trial testimony, which was rejected by the fact-finder, that "an unknown male had left the victim's purse and BB gun in Appellant's car when that unknown male initially tried

to sell the purse to Appellant." *Id*. at 11. Appellant then points out that the pre-sentence report established that he obtained his GED, completed two semesters of community college, and was gainfully employed when he committed this crime.

Thus, Appellant appears to suggest that the court did not weigh those factors. However, since the sentencing court had the benefit of a pre-sentence report, we must presume that the "sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Pasture*, *supra* at 28 (citation omitted); *accord Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)

To the extent that Appellant is asking us to re-weigh the sentencing factors and remand for imposition of a more lenient sentence based upon what he views as mitigating facts, we are not permitted to do so. As we have observed, "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007). Since Appellant does not provide any cogent support for his position that his sentence was so manifestly excessive as to constitute too severe a punishment, we must reject it.

Judgment of sentence affirmed.

Judge Lazarus Joins this Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2016