J-S11021-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMOWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO | : | |
| | : | |
| Appellant | : | No. 798 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001262-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO | : | |
| | : | |
| Appellant | : | No. 799 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000223-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO | : | |
| | : | |
| Appellant | : | No. 800 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001543-2013

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    FILED APRIL 16, 2020

Keith Rosario (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation in three cases. Upon review, we vacate the judgment of sentence and remand for resentencing.

Appellant's underlying convictions arose from three separate criminal informations, accusing Appellant of twice selling illegal drugs to a confidential informant, and possession of a firearm not to be carried without a license. See Trial Court Opinion, 9/9/19, at 1-3. At docket number CP-63-CR-0001262-2013, Appellant was charged with selling 1.7 grams of crack cocaine to a confidential informant on June 1, 2011. Id. at 2. At docket number CP-63-CR-0000223-2015, Appellant was charged with selling 6.7 grams of marijuana to a confidential informant on March 15, 2011. Id. at 2-3. At docket number CP-63-CR-0001543-2013, Appellant was charged with possessing a .38 special revolver without a license on May 23, 2013. Id. at 3.

On May 4, 2015, Appellant entered a global guilty plea at all three criminal docket numbers, pleading guilty to two counts of delivery of a controlled substance and one count of firearms not to be carried without a license.[1] The same day, the trial court sentenced Appellant at docket number CP-63-CR-0001543-2013 to 2½ to 5 years of imprisonment, at docket number CP-63-CR-0001262-2013 to 5 years of probation consecutive to his term of

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 6106(a).

- 2 -

imprisonment at docket number CP-63-CR-0001543-2013, and at docket number CP-63-CR-0000223-2015 to 1 year of probation, concurrent to his probation sentence at docket number CP-63-CR-0001262-2013.

Appellant was subsequently paroled; however, while on parole, he was charged with "attempted homicide, aggravated assault, kidnapping and firearms charges[] at [docket] number CP-63-CR-0002611-2017." Trial Court Opinion, 9/9/19, at 6 (citation omitted). As a result, the Commonwealth alleged that Appellant violated the terms of his parole and probation.[2] Appellant appeared before the trial court on May 7, 2018 for a Gagnon II[3] hearing. At the conclusion of the hearing, the trial court found Appellant to be in violation of his supervision and revoked both his parole and probation. See N.T., 5/7/18, at 15. On February 21, 2019, the trial court resentenced Appellant to the balance of his 2½ to 5 year term of imprisonment originally

_____

[2] While Appellant was on parole from his incarceration at docket number CP-63-CR-0001543-2013 when the Commonwealth filed its petition for revocation, and had not yet begun serving his probationary sentences at the other two dockets, the "fact that [A]ppellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing [A]ppellant on probation." Commonwealth v. Ware, 737, A.2d 251, 253 (Pa. Super. 1999) ("If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation . . . the court [can] revoke or change the order of probation.") (emphasis in original).

[3] See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

imposed at docket number CP-63-CR-0001543-2013, 5 to 10 years of imprisonment at docket number CP-63-CR-0001262-2013, and 5 years of probation at docket number CP-63-CR-0000223-2015, to be served consecutive to one another.[4]

Appellant filed a motion for reconsideration of sentence on March 4, 2019.[5] The trial court denied Appellant's motion on May 1, 2019. Thereafter, Appellant filed three separate timely notices of appeal.[6] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents three issues for review:

_____

[4] In resentencing Appellant for his parole violation, the trial court was limited to recommitting him "to serve the remainder of the term which [Appellant] would have been compelled to serve had the parole not been granted[.]" 61 Pa.C.S.A. § 6138(a)(2). However, upon revoking Appellant's probationary sentences at the other two dockets, the trial court had at its disposal all "sentencing alternatives available to the court . . . at the time of initial sentencing." 42 Pa.C.S.A. § 9771(b).

[5] The corresponding docket entry incorrectly indicates the document was filed on March 5, 2019, as opposed to March 4, 2019. As Appellant filed his motion for reconsideration on March 4, 2019, as reflected by its time stamp, the motion was timely filed, despite the clerk of courts incorrectly making the "docket entry reflecting the date of receipt" as required by Pa.R.Crim.P. 576(A)(3).

[6] Appellant has complied with our Supreme Court's holding in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018) by filing separate notices of appeal at each docket, "where a single order resolves issues arising on more than one docket." Id. at 971.

1. The [trial] court failed to adequately state reasons on the record on how the imposed sentence would serve the purposes defined in 42 Pa.C.S. § 9721(b).

2. The [trial] court's sentence was excessive and based upon improper factors.

3. The [trial court], in re-sentencing Appellant, failed to make a determination under the Recidivist Risk Reduction Incentive statute. 42 Pa.C.S.A. § 9755(b.1)[.]

Appellant's Brief at 6-7 (reordered for ease of disposition).[7]

Appellant's first two issues challenge the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

_____

[7] Appellant's Rule 1925(b) statement raises two additional discretionary sentencing claims. See Rule 1925(b) Statement, 6/24/19, at 4-5. However, because Appellant abandoned these claims in his brief, we do not address them. See Appellant's Brief at 6-7; see also Commonwealth v. Briggs, 12 A.3d 291, 310 n.19 (Pa. 2011), cert. denied, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his sentencing claims in a timely post-sentence motion, filing timely notices of appeal, and including in his brief a Rule 2119(f) concise statement. See Appellant's Brief at 1-5. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court "failed to state on the record below pursuant to 42 Pa.C.S.A. § 9721(b) how the sentence of confinement was consistent with the protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant's Brief at 2. We have held that such a challenge presents a substantial question for our review. See Commonwealth v. Derry, 150 A.3d 987, 994-95 (Pa. Super. 2016) (claim that a VOP sentencing court failed to consider the factors under 42 Pa.C.S.A. § 9721(b) raises a substantial question). Appellant also argues that the trial court's sentence was excessive, and claims that the court relied upon an improper factor. Appellant's Brief at 7. This also raises a substantial question.

See Commonwealth v. Downing, 990 A.2d 788, 2010 (Pa. Super. 2010) (claim that trial court relied on improper factors raises a substantial question).

Turning to the merits, we recognize:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." Commonwealth v. Ahmad, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). Following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. Commonwealth v. Crump, 995 A.2d 1280, 1283 (Pa. Super. 2010).

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding

the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

Fowler, 893 A.2d at 767-68 (citing Commonwealth v. Boyer, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted).

After thorough review of the record, we are constrained to agree with Appellant that the trial court failed to comply with Section 9721(b) of the Sentencing Code. Prior to imposing Appellant's sentence, the trial court stated:

Taking into account the seriousness of the charges that are before this [c]ourt, which were firearms, and at No. 1543-2013 and drugs at the other two numbers, and these were transactions of drugs, furthermore, as the [c]ourt recalls from the affidavit and the trial of your co-defendant Mr. Escribano, the 911 call that resulted in these charges being filed, these firearm charges being filed were that shots were being fired, the fact that [Appellant] was only paroled for four months, is there any question about that, before the new charges were brought? . . . And for the aggravating nature of the new charges and incorporating the reasons set forth on the record during the original plea, the [c]ourt does find that it's appropriate to depart from the guidelines.

N.T., 2/21/19, at 13-14.

While the trial court notes the seriousness of Appellant's underlying convictions and the aggravating nature of the charges he acquired while on parole, instead of giving consideration to the sentencing factors set forth in Section 9721(b) and placing additional reasons for Appellant's sentence on the record, the court incorporates the reasons set forth on the record at

- 8 -

Appellant's original sentencing hearing held on May 4, 2015. N.T., 2/21/19, at 13-14.

Importantly, and contrary to its statement at Appellant's resentencing, our review reveals that at Appellant's original sentencing hearing, the trial court failed to explain the sentence, cite any legitimate sentencing factor, or provide a reason for its imposition of Appellant's original sentence. See N.T., 5/4/2015, at 1-11. Immediately after accepting Appellant's guilty plea, the trial court announced the sentence in open court without any acknowledgement of the factors set forth in Section 9721(b), or any other legitimate sentencing factor. Id. at 7-8.

Upon review of the entire record, we cannot say the trial court gave adequate consideration to the sentencing factors delineated in Section 9721(b). The only statements made by the court during Appellant's resentencing which could arguably be regarded as an explanation for Appellant's sentence, were references to the seriousness of both Appellant's underlying convictions, and the crimes that formed the basis for his revocation. The court failed to consider or discuss how Appellant's age, family history, and rehabilitative needs contributed to the sentence. The trial court also failed to address how the sentence is designed for the protection of the public, and did not place on the record its understanding or acknowledgment of the applicable sentencing guidelines for resentencing. Accordingly, we are constrained to conclude that the trial court failed to impose an individualized sentence "consistent with the protection of the public, the gravity of the

- 9 -

offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Appellant further contends the trial court could not have properly complied with Section 9721(b) because it did not have the benefit of a pre-sentence investigation report (PSI report) at resentencing, "nor did the court state on the record why it dispensed with obtaining a [PSI] report." Appellant's Brief at 17.

Rule 702 of the Pennsylvania Rules of Criminal Procedure provides:

(A) Pre-sentence Investigation Report

(1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes; . . .

Pa.R.Crim.P. Rule 702.

> We have previously stated that the mandate for the PSI springs from the imperative of individualized sentencing; each person sentenced must receive a sentence fashioned to his or her individual needs. To achieve that objective, the trial judge, before imposing sentence, even on a probation or parole revocation, must actively explore the defendant's character and his potential response to rehabilitation programs. Indeed, given the defendant's failure to respond to the original sanction of probation, the need for scrutiny of his character and underlying social influences is arguably enhanced, confirming the need of a

- 10 -

current PSI report contoured to reflect the defendant's most recent offenses.

Commonwealth v. Kelly, 33 A.3d 638, 641 (Pa. Super. 2011) (citation omitted).

While Rule 702 "vests discretion in the trial court to dispense with a PSI, it also mandates that under certain circumstances the court must document its reasons for doing so." Commonwealth v. Flowers, 950 A.2d 330, 332-33 (Pa. Super. 2008) (footnote omitted). We have noted the "possibility that technical noncompliance with the requirements of Rule 702(A)(2) might be rendered harmless [if the trial court elicits] sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision." Id. at 333 (citation omitted). However, "in the absence of a PSI, the court must conduct a pre-sentence inquiry such that it is apprised of the particular circumstances of the offense, not limited to those of record, as well as defendant's history and background." Commonwealth v. Kelly, 33 A.3d 638, 642 (Pa. Super. 2011) (citation omitted).

Here, the trial court did not order a PSI report in advance of Appellant's resentencing.[8] Appellant faced a possible sentence of more than one year, and thus, under Rule 702(A)(2)(a), the court was required to state on the

_____

[8] The Commonwealth confirms the trial court did not order a PSI report to aid in resentencing Appellant. Commonwealth Brief at 7. Further, our review of the transcript from Appellant's original sentencing hearing evidences that no PSI report was prepared for that hearing, and no explanation was offered for its absence. See N.T., 5/4/2015, at 1-11.

record its reasons for dispensing with a PSI report.  No explanation was provided.  See N.T., 2/21/19, at 1-17.  Therefore, the trial court was required to conduct a pre-sentence inquiry of the particular circumstances of the offense, not limited to those of record, as well as defendant's history and background.  Kelly, 33 A.3d at 642.

We observe that a properly crafted PSI report must at least address the following factors:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special education facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation

department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

Flowers, 950 A.2d at 334 n.2.

The information heard by the trial court and its questions to Appellant during resentencing do not "approach the level of thoroughness afforded by a properly crafted PSI report." Id. at 333 (citations omitted). At resentencing, the only inquiry the trial court made as to Appellant's background or the facts surrounding his case was when it asked Appellant whether anything "positive" occurred while he was on parole, whether he completed court-mandated boot camp, and what type of labor he did while on parole. N.T., 2/21/19, at 7-8. The court did not hear or attempt to acquire information regarding Appellant's prior criminal record, education, employment history, familial relationships, interests and activities, residence history, or information about resources available to assist Appellant. The record therefore indicates that "the trial court sentenced [Appellant] without obtaining even the most basic personal information necessary to enable it to craft a sentence tailored to [Appellant's] individual and rehabilitative needs." Kelly, 33 A.3d at 642. Thus, the trial court's noncompliance with Rule 702(A) was not harmless in this case, and supports remand. See id. (vacating a sentence and remanding for resentencing where the trial court failed to place on the record its reasons for

dispensing with a PSI report, and failed to conduct a sufficient pre-sentence inquiry in the absence of a report).

Our careful review of the record reveals that the trial court did not properly consider of the facts of the crime and the character of the Appellant, Crump, 995 A.2d at 1283, such that the trial court has failed to comply with the requirements of Section 9721(b) of the Sentencing Code. Further, the trial court did not have the benefit of a PSI report, the record is devoid of an explanation as to why a report was not ordered, and the trial court failed to overcome Rule 702's requirements of eliciting sufficient information during resentencing to suffice for the absence of a PSI report. We are therefore constrained to conclude that the trial court abused its discretion in resentencing Appellant.[9]

In his final claim, Appellant argues that his sentence is illegal because the trial court failed to make a determination on the record at resentencing as to his eligibility for the Recidivism Risk Reduction Incentive (RRRI) program.[10] See Appellant's Brief at 20. In response, the Commonwealth concedes that the trial court "did not make a determination under the RRRI statute[.]"

_____

[9] As we are remanding for resentencing because the trial court failed to comply with Section 9721(b) of the Sentencing Code and Pennsylvania Rule of Criminal Procedure 702, we do not address Appellant's second discretionary claim pertaining to whether his sentence was excessive and based upon improper factors.

[10] 61 Pa.C.S.A. §§ 4501-4512.

Commonwealth Brief at 13 (citation omitted). Because RRRI eligibility "concerns a matter of statutory interpretation and is, thus, a pure question of law, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Chester, 101 A.3d 56, 60 (Pa. 2014) (citation omitted).

Section 9756(b.1) of the Sentencing Code provides that a trial court imposing sentence "shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45." Id.; see also 61 Pa.C.S.A. § 4505(a) ("At the time of sentencing, the court shall make a determination whether the defendant is an eligible defender."). Accordingly, this Court has explicitly stated that, "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." Commonwealth v. Robinson, 7 A.3d 868, 871 (Pa. Super. 2010).

Upon review, we agree that the trial court failed to make a determination as to Appellant's RRRI eligibility. See N.T., 2/21/19, at 1-17. Appellant's sentence is therefore illegal. At remand, the court shall make an on-the-record finding as to Appellant's RRRI eligibility.

In sum, the trial court abused its discretion in both resentencing Appellant and failing to make an RRRI determination. Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/16/2020</u>