**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERISH M. HAUSER | : | |
| | : | |
| Appellant | : | No. 1799 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 18, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000455-2018

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 30, 2020**

Cherish M. Hauser (Hauser) appeals from the judgment of sentence imposed in the Court of Common Pleas of Mercer County (trial court) after her open guilty plea to Driving Under the Influence (DUI), Third Offense, and Driving While Operating Privilege is Suspended or Revoked (DDS)-DUI-related.[1]  She challenges the discretionary aspects of her sentence.  We affirm.

**I.**

We take the following facts from our independent review of the record and the trial court's January 10, 2020 opinion.  On June 18, 2018, the Commonwealth filed an Information charging Hauser with committing seven

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(c) and 1543(b)(1.1)(i), respectively.

violations of the Pennsylvania Vehicle Code, 75 Pa.C.S. §§ 101-9805. Hauser's criminal record indicates that she has had numerous prior DUIs and DDS-DUI offenses in Mercer County. (*See* Trial Court Opinion, 1/20/20, at 2) (listing eleven prior offenses). The trial court issued three bench warrants for Hauser's arrest in 2018 because Hauser failed to appear at: (1) her June 19, 2018 arraignment, (2) the call of the criminal list on September 4, 2018, and (3) a second call of the criminal list on December 4, 2018.

On May 14, 2019, in exchange for the Commonwealth *nol prossing* five of the charges against her, Hauser pleaded guilty to:

> (1) DUI, with a blood alcohol concentration of .30 percent, as a misdemeanor of the first degree. This was Hauser's third DUI offense within ten years and fifth in her lifetime; and

> (2) DDS-DUI, a summary offense, a first offense for sentencing purposes and fifth lifetime.

After Hauser entered her guilty plea, a Crime Reporting Network (CRN) Report was prepared on June 12, 2019, which revealed that Hauser had four prior DUIs and four prior DDS-DUIs.[2] Hauser was scheduled twice to appear

---

[2] In its opinion, the trial court explained: "Although the [Court of Common Pleas Case Management System (CPCMS)] records for Mercer County only indicate two (2) DDS-DUI convictions, it is entirely possible that the two other DDS-DUI convictions were the only offenses filed, and as summary offenses, they are not reported in CPCMS; or that [Hauser's] two (2) other DDS-DUI convictions occurred in another county or state. In any event, the CRN indicated that [Hauser] had four (4) prior DDS-DUIs.

for a Drug and Alcohol Assessment (D&A Assessment), but she failed to do so.

On September 23, 2019, after Hauser failed to appear for her second D&A Assessment, the trial court entered an order referring her to be evaluated as a participant in the 24-month State Intermediate Punishment (SIP) Program. On October 2, 2019, the court had a D&A Assessment performed on Hauser by the Behavioral Health Commission while she was waiting to be transferred to a State Correctional Institution (SCI) for the SIP evaluation. The D&A Assessment recommended that Hauser engage in a "Clinically Managed High Intensity Residential Service."

Hauser did not qualify for the SIP Program because, while waiting to transfer her to the SCI for the SIP evaluation, it was discovered that there was a fugitive warrant for her issued by the Trumball County, Ohio Central Court. It is SIP policy that an individual is not qualified to participate in the SIP program if there is a detainer pending against the potential participant.[3] As a result, on October 11, 2019, after a sentencing hearing, the court vacated its September 23, 2019 order referring Hauser to be evaluated for the SIP Program, and sentenced her to a term of incarceration of not less than twenty-

_____

[3] In spite of Hauser's counsel's attempt to have the detainer lifted, the Ohio prosecutor refused to do so and it is Mercer County District Attorney policy to have a defendant's Pennsylvania charges resolved before allowing her to be extradited to a foreign jurisdiction for charges pending there.

four nor more than sixty months on the DUI count, with a consecutive term of ninety days on the DDS-DUI count, for a total aggregate sentence of not less than twenty-seven nor more than sixty-three months.

On October 18, 2019, the court issued an Order amending Hauser's sentence to reflect that she is entitled to fifty-nine days' credit for pre-sentence incarceration. On October 20, 2019, the court issued a Supplemental Order stating that, although the DUI sentence was in excess of the aggravated range, it reiterated that this was required so that Hauser could participate in the therapeutic community programs offered by the Department of Corrections. (Order, 10/20/19, at 1). The court's rationale also appears on the Guideline Sentence form.

On November 6, 2019, Hauser filed a Motion to Modify Sentence *Nunc Pro Tunc*, arguing the sentence was manifestly excessive, improperly exceeds the standard guideline range, is in the aggravated guideline range without sufficient reasons, and that the court abused its discretion in imposing consecutive sentences and erred when it imposed a sentence greater than the mandatory maximum. On November 18, 2019, after argument, the court denied the Motion to Modify Sentence because the imposed sentence was best suited to Hauser's rehabilitative needs. Hauser timely appealed. She and the court complied with Rule 1925. *See* Pa.R.A.P. 1925.

**II.**

On appeal, Hauser argues "the sentence of the court is manifestly excessive in length, because it is not specifically tailored to the nature of the offense, the ends of justice and society and [her] rehabilitative needs[.]" (Hauser's Brief, at 13). She complains that the sentence was excessive and the court "failed to articulate how Hauser's sentence would address her rehabilitative needs[,]" when imposing a sentence for DUI beyond the mandatory minimum and imposed consecutive sentences. (*Id.* at 16).

This issue challenges the discretionary aspects of sentence that "must be considered a petition for permission to appeal." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [see Pa.R.A.P. 2119(f) ]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . .  [I]f the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Giordano*, 121 A.3d 998, 1007-08 (Pa. Super. 2015), *appeal denied*, 131 A.3d 490 (Pa. 2016) (citation omitted; brackets in original).

Instantly, Hauser filed a timely appeal and preserved the sentencing issue in a post-sentence motion. She also included a Rule 2119(f) concise

statement in her brief. Therefore, we must determine whether Hauser has raised a substantial question.

Determining what constitutes a substantial question must be evaluated on a case-by-case basis. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation and brackets omitted).

In her Rule 2119(f) statement, Hauser maintains that "while [her] mandatory minimum sentence for [DUI] was one [] year, she was sentenced to a minimum of two [] years and while [she] could have been given a concurrent sentence, her sentence for [DDS]-DUI [] was run consecutively." (Hauser's Brief, at 12). Her basic claim is that the sentence, although within the guideline range, was unreasonable under the circumstances and the court failed to articulate how it would address her rehabilitative needs. (*See id.* at 11-15). This raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015) (claim that imposition of consecutive sentence was excessive, combined with claim of failure to consider rehabilitative needs raises substantial question); *Antidormi*, *supra* at 758 (claim that sentencing court sentenced outside the standard guidelines without providing adequate reasons

raises substantial question). Therefore, we will review the merits of Hauser's claim. [4]

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Despite Hauser's claim that the court failed to consider her rehabilitative needs and the sentence was excessive, the record reflects that the court repeatedly asserted that it was imposing Hauser's sentence due to her need for extensive rehabilitative treatment with the Department of Corrections. Specifically, the court discussed that Hauser was not eligible for the SIP program due to outstanding warrants in Ohio. (N.T. Sentencing, 10/11/19, at 16-17); 42 Pa.C.S. § 9781(d)(1). Hauser's counsel requested that she be

---

[4] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Antidormi**, **supra** at 760 (citation omitted).

sentenced to the "clinically managed high-intensity residential service" program pursuant to the recommendation of the Behavioral Health Commission report, which he acknowledged would require the imposition of the maximum sentence. (N.T. Sentencing, at 16-17); 42 Pa.C.S. § 9781(d)(2), (4). The court confirmed that Hauser understood her sentencing rights and Hauser spoke at length on her own behalf about what she argued were the mitigating circumstances of her case. (*See* N.T. Sentencing, at 18-21); 42 Pa.C.S. § 9781(d)(1). The court noted that it and Hauser "have been around this block before," and that Hauser's criminal history included five lifetime DUIs and DDS-DUIs. (N.T. Sentencing, at 19, 21); 42 Pa.C.S. § 9781(d)(1). It observed that it had to order three bench warrants in this case to compel her appearance, which was "not a good sign," that it was unable to get Hauser into the SIP program due to her criminal conduct in Ohio, that it considered the Behavioral Health Commission report's recommendation and that "a lesser sentence would depreciate the seriousness of [Hauser's] crime." (N.T. Sentencing, at 21-22; *see id.* at 19, 21); 42 Pa.C.S. § 9781(d)(1)-(3). In imposing Hauser's sentence, the court again noted that it "tried to get you into the two-year SIP program. That didn't work, so I am getting you into the two-year state sentence where you can take part in the therapeutic

community." (N.T. Sentencing, at 23); 42 Pa.C.S. § 9781(d)(3).[5] The Guideline Sentence form reflects the same rationale for the sentence. Based on our review under Section 9781(d), we conclude that the trial court did not abuse its discretion in sentencing Hauser to a term of incarceration that would allow her to address her rehabilitative needs for a "clinically managed high-intensity residential service" program.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020

---

[5] We also observe that the reasoning expressed at sentencing is consistent with the court's October 11 and 30, 2019 and November 18, 2019 orders, in which it repeatedly observed that the sentence was designed to allow Hauser to address her rehabilitative needs by participating in therapeutic programs offered by the Department of Corrections. (*See* Sentencing Order, 10/11/19, at 2; Supplemental Order, 10/30/19, at 1; Order, 11/18/19, at 1).