J-S21008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN BROWN | : | |
| | : | |
| Appellant | : | No. 1697 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000355-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN BROWN | : | |
| | : | |
| Appellant | : | No. 1698 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001513-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN BROWN | : | |
| | : | |
| Appellant | : | No. 1699 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001514-2010

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 30, 2021**

Kelvin Brown appeals from the judgment of sentence of nineteen to forty years of incarceration, followed by ten years of probation, imposed following his convictions of involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, corruption of minors, aggravated indecent assault, indecent assault, unlawful restraint, false imprisonment, and endangering the welfare of children at three separate dockets.[1]  We affirm.

The trial court summarized the facts relevant to our review.

> The testimony at Appellant's trial established that he was the uncle by marriage to one of the complainants, B.S., who was eight years old at the time of the incidents.  The other two complainants, B.W. and A.F., were cousins by marriage to Appellant and were seven years old and five years old respectively when the incidents with Appellant occurred.  A.F., who was the youngest of the complainants, and B.W. lived with their aunt, Edna McGee, in Philadelphia in 2008 and 2009.  Edna McGee was the legal guardian for her nieces.
>
> While they lived with their aunt, there were occasions when they would visit and stay overnight at Appellant's home.  On one of the visits, Appellant became upset with A.F. and ordered her to go into his bedroom.  Appellant followed her into the room and closed the door.  He ordered A.F. to take off her pants and underwear.  He then told her to get on his bed and bound her hands and feet with scarves.  He took another scarf and covered her face.  Appellant penetrated A.F.'s vagina with his hands and tongue.  A.F. testified that she complied with Appellant's demands because he had threatened to beat her.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant was charged with sexual offenses at four separate dockets, but was acquitted of all charges at CP-51-CR-0000354-2010.

Appellant repeated the assault on A.F. in his bedroom on another occasion and a third time in the back room where she slept when visiting. A.F. did not tell anyone because she was afraid of Appellant. At some point she told Appellant's wife, Tionna Brown, but she did not believe her. She finally told her Aunt Edna McGee and Appellant was confronted about his actions.

B.W., A.F.'s sister, would accompany her younger sister on the visits to Appellant's home. B.W. testified on one visit Appellant told her to go into his bedroom and get on the bed. Appellant followed her into the bedroom, closed the door, took her clothes off and put Vaseline on and in her vagina with his fingers. He put a bandana on her face and wrists and penetrated her vagina with his penis. On another occasion, Appellant told her to go into the basement. Once there he asked her to suck on his penis, threatening that she would not eat if she refused. B.W. refused anyway telling Appellant that she did not care if she did not eat.

B.S. was Appellant's niece through marriage. Her mother, Moncheri McGee, was the sister of Appellant's wife, Tionna Brown. During the year of 2008, B.S. moved with her mother and other siblings into Appellant's home. One day while B.S. was sleeping in the back bedroom, Appellant came up behind her and put his penis in her vagina. She testified that she did not report the assault because she was too afraid.

Eventually, B.S. told her mother about Appellant's assault. Moncheri McGee called her mother and told her what B.S. had reported. It was during this conversation that A.F. and B.W. told their aunt about Appellant's assault on them.

The Department of Human Services became involved and in October of 2009 the victims were interviewed by forensic interview specialists at the Philadelphia Children Alliance. Detective Erin Hinnov of the Special Victims Unit was assigned to the investigation and attended the interviews. Following that investigation the detective prepared an affidavit of probable cause, secured an arrest warrant and took Appellant into custody.

Trial Court Opinion, 12/15/20, at 2-4 (cleaned up).

Appellant was arrested and charged with various sexual crimes at multiple dockets. A jury trial began on December 13, 2013, but a mistrial was

declared when the jury deadlocked. Retrial commenced on September 15, 2015, and the jury reached a verdict on September 30, 2015. Appellant was found guilty of all charges at three of the docket numbers and not guilty of the charges at the fourth docket. On October 4, 2016, Appellant was sentenced to an aggregate term of nineteen to forty years of imprisonment followed by ten years of probation.

Appellant filed a timely notice of appeal to this Court. We affirmed the judgment of sentence of the lower court. *See Commonwealth v. Brown*, 188 A.3d 566 (Pa.Super. 2018) (judgment order) (finding all issues waived due to wholly inadequate brief consisting of four and one-half pages of argument with no citation to authorities, and a certified record that did not contain trial and sentencing transcripts). Appellant filed a timely PCRA petition alleging, *inter alia*, appellate counsel's ineffectiveness in filing a deficient brief and in failing to order the transcripts. The PCRA court reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*.

Appellant filed a post-sentence motion challenging the weight of the evidence and seeking reconsideration of his sentence, which the trial court denied on August 5, 2020. Thereafter, he filed notices of appeal at each docket number and complied with Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion, and this Court consolidated the three appeals *sua sponte*.

Appellant presents four questions for our review:

1. Did the trial court err when it found Appellant guilty of the criminal offense of involuntary deviate sexual intercourse (complainant (B.S.) less than 16 years of age), as there was insufficient evidence adduced at trial to prove this criminal offense beyond a reasonable doubt?

2. Did the trial court err when it found Appellant guilty of the criminal offense of criminal solicitation – involuntary deviate sexual intercourse (complainant (B.W.) less than 13 years of age), as there was insufficient evidence adduced at trial to prove this criminal offense beyond a reasonable doubt?

3. Did the trial court err and abuse its discretion when it denied Appellant's post-sentence motion for arrest of judgment and/or a new trial, as the jury's verdict in this matter was against the weight of the evidence (on all three trial court docket numbers)?

4. Did the trial court err and abuse its discretion when it denied Appellant's post-sentence motion for reconsideration of sentence, as Appellant's sentence in this matter was manifestly excessive (on all three trial court docket numbers)?

Appellant's brief at 5 (cleaned up and issues reordered for ease of disposition).

Appellant's first and second issues challenge the sufficiency of the Commonwealth's evidence to support Appellant's convictions of IDSI and criminal solicitation – IDSI. Our standard of review when considering a challenge to the sufficiency of the evidence is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime

beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citation omitted).

In his first sufficiency challenge, Appellant argues that there was no evidence of penetration adduced at trial that would support his IDSI conviction involving B.S. *See* Appellant's brief at 45-48.

A person commits IDSI,

when the person engages in deviate sexual intercourse with a complainant:

. . . .

(7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 Pa.C.S. § 3123(a)(7). Deviate sexual intercourse is defined as:

[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.

18 Pa.C.S. § 3101.

B.S. offered the following testimony at trial:

[District Attorney]: And what part of his body did he touch -- of your body did he touch?

[B.S.]: Back.

District Attorney: Back. Do you have any other words that you call your back that you're talking about?

B.S.: No.

District Attorney: What part of your back? Can you show us? Can you point to the part of your body that you're talking about?

B.S.: (Indicating.)

District Attorney: When you say "back," are you pointing to your back or are you pointing to your butt? I can't see.

B.S.: Butt.

District Attorney: To your butt. What did he touch your butt with? What part of his body touched your butt?

B.S.: His thing.

District Attorney: You're having a hard time saying these words?

B.S.: Yeah.

District Attorney: Why are you having a hard time saying these words?

B.S.: Because I really don't like talking about it.

District Attorney: When you say "his thing," and I know that it's hard for you, do you know any other words for his thing?

B.S.: No.

District Attorney: Would it help if I stood up and pointed to areas of my body and you can tell me where it is?

B.S.: Yeah.

District Attorney: Okay. When you say his thing, do you mean this part up here?

B.S.: No.

District Attorney: Do you mean this part down here?

B.S.: No.

District Attorney: Do you mean in between the legs?

B.S.: Yeah.

District Attorney: Okay. Now, when you were in the back room and his thing touched your butt, can you tell us how it touched your butt?

B.S.: What do you mean?

District Attorney: So your butt, the butt that you're talking about, there are two cheeks?

B.S.: Mm-hmm.

District Attorney: Did his thing go in between those two cheeks?

B.S.: Yeah.

N.T. Trial, 9/17/15, at 135-37.

Such evidence, viewed in the light most favorable to the Commonwealth, was sufficient to establish the element of penetration *per anus* for purposes of IDSI.  Thus, Appellant's first sufficiency claim fails.

Appellant's second sufficiency claim fares no better.  Appellant avers that there was no testimony elicited at trial to support the conclusion that he commanded, encouraged, or requested deviate sexual intercourse from B.W., that would meet the proof necessary to sustain the conviction for solicitation of IDSI.  **See** Appellant's brief at 49-53.

Section 902(a) of the Pennsylvania Crimes Code defines solicitation as follows:

> (a) Definition of solicitation.--A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S. § 902(a).

The record provides ample proof that Appellant commanded or requested B.W. to submit to IDSI, specifically, sexual intercourse *per os*. B.W. testified that Appellant told her to go into the basement.

[District Attorney]: Do you know why he asked you to do that?

[B.W.]: No.

District Attorney: Did he tell you why he asked you to go into the basement?

B.W.: No.

District Attorney: What happened when you got all the way down to the basement?

B.W.: He told me to suck his penis.

N.T. Trial, 9/17/15, at 98-99. B.W. refused.

We find such evidence sufficient to establish that Appellant commanded or requested B.W. to engage in sexual intercourse *per os*, which constitutes deviate sexual intercourse for purposes of solicitation to commit IDSI. Accordingly, no relief is due.

In his third issue, Appellant attacks the weight of the evidence underlying his convictions of all charges. Appellant avers that the Commonwealth's evidence was too unreliable and contradictory to sustain the

verdict due to B.W. and A.F.'s failure to report an incident prior to trial. ***See*** Appellant's brief at 42-44. Further, Appellant argues that the verdict is against the weight of the evidence because the results from the physical examinations of the four alleged victims conducted by Dr. Maria McColgan at the Child Protection Clinic were "unremarkable." ***Id***. at 44-45.

Our standard of review when presented with a weight of the evidence claim is:

> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted).

The trial court concluded that, based on the testimony adduced at trial from the four complaining witnesses, medical personnel, investigators, and families of the victims, "nothing in the jury's verdict shocked one's sense of justice." Trial Court Opinion, 12/15/20, at 5. We find no indication in the record that the trial court reached "a manifestly unreasonable judgment," misapplied the law, or based its decision on "partiality, prejudice, bias, or ill-will[,]" that would constitute an abuse of discretion. ***Clay***, ***supra***, at 433 (quoting ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000)). Hence, this claim also lacks merit.

In his final claim, Appellant challenges his sentence as excessive. *See* Appellant's brief at 30-42. He alleges that the sentencing court did not take into consideration the fact that he was a "first offender who had a considerable amount of family support, at trial and at sentencing." *Id*. at 39. Further, Appellant's family members testified at his sentencing hearing regarding his "good character and that he had a reputation for being a peaceful and law-abiding person." *Id*. at 33. Appellant argues that his sentence is unreasonable even though it falls within the sentencing guidelines because it is a case that "involves circumstances where the application of the guidelines would be clearly unreasonable." *Id*. at 33.

Pennsylvania law is well-settled that sentencing is within the discretion of the trial court and should not be disturbed absent a clear abuse of discretion. *See Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014). Furthermore, challenges to the discretionary aspects of sentence do not automatically entitle an appellant to appellate review. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018). Rather, an appellant must meet certain procedural requirements before an appellate court can entertain such a challenge. Specifically, we engage in a four-part analysis to determine whether: (1) the appeal is timely; (2) the issue has been preserved; (3) appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise

statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa.Super. 2013). If each of these prerequisites is met, we will proceed to a determination on the merits. *Id*.

Appellant filed a timely post-sentence motion and a Rule 1925(b) concise statement of errors in which he alleged that his sentence was manifestly excessive. His appellate brief contains a Pa.R.A.P. 2119(f) statement which technically complies with the requirements to challenge the discretionary aspects of his sentence. *See* Appellant's brief at 27. However, that Rule 2119(f) statement "must raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa.Super. 2011) (finding claim that trial court did not state its reasons for sentence imposed presented a substantial question). Whether a particular issue poses a substantial question is determined on a case-by-case basis. *Id*.

Appellant contends in his Rule 2119(f) statement that "his sentence is unreasonable under standards set by 42 Pa.C.S.A. § 9781(c)(2) as, 'the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable.'" *Id*. He maintains that "the sentence in the instant

matter is so manifestly excessive as to constitute too severe a punishment."

*Id*. citing (*Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002)).

A claim that "a sentence is manifestly excessive such that it constitutes too severe a punishment" has been held to raise a substantial question. *Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa,Super. 2016) (citing *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa.Super. 2011)). Hence, we will review Appellant's discretionary sentencing claim.

When reviewing a discretionary sentencing claim, we bear the following in mind.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> . . . .
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Antidormi*, *supra* at 760-61 (internal citations and quotation marks omitted).

Appellant was sentenced in the standard range on twelve counts, the mitigated range on five counts, and the aggravated range on two counts. His aggregate sentence was nineteen years to forty years of incarceration,

followed by ten years of probation, which he claims is "an excessive amount of prison time for a first offender (*i.e.*, someone with no prior criminal history) who had a considerable amount of family support, at trial and at sentencing." Appellant's brief at 39. He attributes the excessiveness to the fact that the trial court ran the terms of incarceration on the IDSI and unlawful contact with a minor convictions consecutively. He argues that since these incidents were so inconsistent with his good character and his first offenses, "this sentence was so 'manifestly excessive as to constitute too severe a punishment.'" *Id*. at 40 (quoting *Mouzon*, *supra* at 624) (citations omitted).

As even Appellant concedes, the trial court considered his prior record score of zero and his good reputation in fashioning sentence. *Id*. The trial court stated:

> And I want to be very clear, the only reason I'm giving you the sentence that I'm giving you is because I'm taking into account, along with the presentence report, psychiatric report, the guidelines, Commonwealth's argument, your counsel's argument, I've taken into account what your family had to say and that this could be an aberration. Something that's not part of your character. It's certainly a very flawed part of your character because individual, defendants in these matters show two faces. The monster that they are to young children who are impacted by the sexual desires of an adult. Yet there is the loving side that you show to your family, your mother, your wife, your ex-wife, your children, and again it's all very sad.

(N.T. Sentencing, 10/4/16, at 45-46).

Appellant contends, however, that, based on the court's statements that this "could be an aberration[,]" or "[s]omething that's not part of your character[,]" the trial court "should have been compelled to give [him] a

shorter sentence." Appellant's brief at 41. He complains that instead, the court took into consideration "the impact on the lives of the victims, consistent with 42 Pa.C.S.A. § 9721 (b), nothing regarding the rehabilitative needs of [Appellant], in terms of how much confinement (incarceration) was actually necessary. . . . except for the mere mention of the Pennsylvania Sentencing Guidelines, the Presentence Report and the Mental Health Report." *Id*. Moreover, he points out that he will not complete his minimum sentence until he is eighty years old and his sentence may not be completed during his natural life span. *See id*.

The Commonwealth noted at sentencing that Appellant faced a maximum sentence for all of his convictions of 130 to 160 years of incarceration, and requested that the court impose a sentence of thirty-five to seventy years of imprisonment. N.T. Sentencing, 10/4/16, at 19, 42. The sentence imposed was a fraction of Appellant's maximum exposure. In light of the fact that Appellant sexually assaulted three children, the trial court found "unwarranted and meritless" Appellant's claim "that his sentence was manifestly excessive and constitutes too severe a punishment." Trial Court Opinion, 12/15/20, at 5.

We find no abuse of discretion on the part of the trial court. The trial court had a presentence investigation report and considered the proper sentencing factors, including the fact that Appellant had a prior record score of zero, his age, the sentencing guidelines, the psychiatric report, Appellant's

allocution in which he proclaimed his innocence and refused to express remorse for his conduct, and favorable character testimony from friends and family. The court was certainly not compelled in any way to impose a lighter sentence, and Appellant offers no authority in support of such a proposition. Appellant did not demonstrate that his sentence was manifestly excessive or too severe based on the circumstances. We find no abuse of discretion and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021